[315] THE STATE OF TEXAS VS. THE HEIR OF MASON — Appeal from Travis County.

A suit to obtain a headright certificate, brought under the 11th section of the act of February 4. 1841, supplementary to "an act to detect fraudulent land certificates," etc., could only be sustained prior to the passage of the act of February 2, 1848, by a compliance with all the formalities prescribed by the act of 1841.

The joint resolution of May 24, 1838, which made the certificate of the secretary of war sufficient evidence before the board of land commissioners for the establishment of the headright claims of those who fell while under the command of Fannin, Travis, Grant and Johnson, became dormant from the 2d January, 1840, and was not revived by the act of February 4, 1841.

The act of February 2, 1848, gives to the certificate of the adjutant general all the effect which the joint resolution of May 24, 1838, gave to the certificate of the secretary of war. The latter act is, therefore, in effect, a revival of the former.

*Harris*, Attorney General, for appellant.
*Webb* and *Duval*, for appellees.

Mr. Chief Justice HEMPHILL delivered the opinion of the court.

This is an application for one-third of a league of land, brought under the 11th section of the act of 1841, p. 173, supplementary to an act "to detect fraudulent land certificates." The deceased emigrated to Texas in December, 1835, was attached to Col. Fannin's command, and was massacred with that officer, at Goliad, on the 27th day of March, 1836.

He was a single man, and his claim was prosecuted by his mother, as sole heir, and was established on a certificate from the adjutant general, stating the above facts as they appeared from the record of the office of war and marine of the late republic of Texas.

We are of opinion that the court erred in holding that the [316] certificate was sufficient evidence of the facts therein stated.

The suit being brought under the 11th section of the act of 1841 could be sustained only by complying with the formalities prescribed by that act. One of these was that the claim should be established in the same manner as provided by the land law of 1837. This was a rule without exception embracing all claimants who sued either for the re-establishment of a rejected certificate or for the grant of one on a primary application. Linn v. The State, *post*, 317.

The joint resolution of the 24th of May, 1838, authorizing certificates from the secretary of war to be sufficient evidence to boards of land commissioners to grant certificates of headrights to the heirs and legal representatives of those who fell while under the command of Fannin, Travis, Grant and Johnson, had become dormant from the 2d of January, 1840, from the want of any tribunal to exercise the jurisdiction of grant-

ing certificates of the first class, and was not revived by the supplementary act of 1841, p. 173. This act directed all claims for headrights without distinction to be proven as provided by the land law of 1837, and necessarily superseded the provisions of the joint resolutions of May, 1838.

But although there was error in the judgment, according to the laws existing at the time of its rendition, yet it has been substantially cured by a subsequent law, approved February 2, 1848, rendering the certificate of the adjutant general sufficient evidence for the establishment of this and similar claims, which, in effect, re-enact the provision of the joint resolution before referred to. It would be useless to reverse the judgment and remand the cause, as the same judgment must necessarily be given. There can be no pretense that the state could rebut the evidence of the certificate, or by possibility obtain a substantially different decision, and as no injury to the rights of the appellee can result from the affirmance of the judgment, it is ordered and adjudged that the same be affirmed.